# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Altony Brooks, ) | |
| ) | C.A. No.: 9:15-cv-3107-PMD-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sgt. Davenport, Captain Pack, Lt. Carter, ) | |
| Ofc. Johnson, Major S. Sutton, Ofc. Cox, ) | |
| Ofc. Ledwell, Jane Doe, Director John Doe, ) | |
| and Warden Stevenson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff's objections to Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 49 & 43). In his R & R, Magistrate Judge Marchant recommends granting Defendants' motion for summary judgment. For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the R & R, and grants Defendants' motion for summary judgment.

## **BACKGROUND**

This action arises out of a November 2012 incident that occurred at the Broad River Correctional Institute, in which Defendant Davenport allegedly sprayed Plaintiff with chemical munitions. Plaintiff alleges that, after that incident, he was denied medical treatment, he was given nutraloaf, he was denied soap, towels, toilet paper, or rags to clean himself off, and he was left in his cell with no clothing or blanket for three days. Defendants contend that the chemical munitions were necessary because Plaintiff was holding on to the food flap of his cell and thereby endangering the corrections officers' safety. In contrast, Plaintiff alleges that he was assaulted for no apparent reason.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

Plaintiff makes a number of objections to the R & R, but they boil down to six objections.[1] First, he contends that it was improper for Magistrate Judge Marchant to take judicial notice of the South Carolina Department of Corrections' ("SCDC") grievance procedure and another case Plaintiff has filed with this Court. Second, he repeatedly argues that an administratively closed grievance is not appealable and therefore he was not required to file a Step 2 appeal. Third, he claims that the Defendants' failure to respond to his grievance in accordance with SCDC policy should preclude them from asserting that he failed to exhaust his administrative remedies. Fourth, he objects to Michael Tindal's affidavit as hearsay because Tindal was not the person listed as closing Plaintiff's grievance. Fifth, Plaintiff objects to footnote four of the R & R, contending that the date in the R & R is not accurate because he did not receive a response to his complaint until August 8, 2013. Finally, Plaintiff generally objects to the R & R's recommendation to dismiss his state-law claims. The Court will address each objection *seriatim*.

### I.     Judicial Notice

Plaintiff objects to Magistrate Judge Marchant's decision to take judicial notice of SCDC's grievance procedure and Plaintiff's other case before this Court. The Court will address each in turn.

Magistrate Judge Marchant took judicial notice of SCDC's grievance procedure in the process of making his recommendation that the Court grant Defendants' motion for summary

---

1. Plaintiff also objects to Magistrate Judge Marchant's decision to grant Defendants an extension to file their motion for summary judgment. As a non-dispositive matter, that objection is properly decided pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that a party may serve and file objections to an order on a non-dispositive matter within 14 days after being served with a copy of that order. Here, Magistrate Judge Marchant ruled on Plaintiff's motion for reconsideration on June 7, 2016. Plaintiff did not object until September 30. Accordingly, he is well beyond the 14 days permitted by Rule 72(a). Thus, his objection is denied.

judgment. Plaintiff objects, stating that the SCDC policy does not apply to administratively closed grievances. The Court does not share that concern. This Court has previously held that it is appropriate to take judicial notice of SCDC's grievance procedures, and the Court sees no error in the Magistrate Judge's decision to do so here. *See Jones v. Hartwig*, No. 8:13-cv-334-DCN, 2014 WL 101983, at *5 (D.S.C. Jan. 8, 2014). Indeed, SCDC's grievance procedure is frequently implicated in § 1983 litigation. *See, e.g., Byrd v. Stirling*, 144 F. Supp. 3d 803, 808 (D.S.C. 2015); *Branton v. Ozmint*, No. 8:08-cv-2306-GRA-BHH, 2009 WL 1457144, at *2 (D.S.C. May 22, 2009); *Jones v. Kay*, No. 4:07-cv-3480-SB, 2007 WL 4294216, at *5 (D.S.C. Dec. 5, 2007); *Jenkins v. S.C. Dep't of Corrs.*, No. 0:05-cv-2800-HFF, 2006 WL 1083563, at *5 (D.S.C. Apr. 18, 2006). Accordingly, Magistrate Judge Marchant's decision to take judicial notice of the grievance procedure was appropriate, and Plaintiff's objections to that decision are overruled.

Magistrate Judge Marchant also took judicial notice of Plaintiff's other case before this Court, *Brooks v. Davenport*, No. 9:15-cv-3195-PMD-BM (D.S.C.). Plaintiff objects, citing opinions holding that factual findings in one case are not admissible for their truth in other cases. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Holloway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987). However, Magistrate Judge Marchant did not rely on facts from Plaintiff's other case in making his decision in this case. Instead, he merely noted that the grievance in Plaintiff's other case was returned to Plaintiff on May 20, 2013. Accordingly, Plaintiff's objection is overruled.

 II.    **Exhaustion of SCDC's Grievance Procedure**

Plaintiff claims that his failure to file a Step 2 appeal does not mean that he failed to exhaust his administrative remedies.  The essence of his argument is that neither Defendants nor Magistrate Judge Marchant have shown that Plaintiff was required to file a Step 2 appeal after his Step 1 grievance was administratively closed.  Plaintiff makes a number of arguments on this point, but they are all undermined by Plaintiff's failure to produce evidence refuting the claim that he failed to exhaust his administrative remedies.  *See Jones*, 2014 WL 101983 at *5 (citing *Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (per curiam) ("[T]o survive a motion for summary judgment asserting that he failed to exhaust, the inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust.")).  Instead of producing evidence, Plaintiff maintains his focus on Defendants' failures to show that SCDC's policy requires him to file a Step 2 appeal after his Step 1 grievance was administratively closed.  As stated by the Magistrate Judge, Plaintiff simply does not dispute that he never filed a Step 2 appeal of the dismissal of his Step 1 grievance.  Additionally, the Court is unaware of an "administratively closed" exception to the general rule that a Step 2 appeal is necessary before an inmate may seek relief in this Court.  Accordingly, Plaintiff's objection is overruled.

### III.     Defendants' Preclusion from Arguing Failure to Exhaust

Plaintiff next asserts that Defendants should be precluded from arguing failure to exhaust as a result of their delay in responding to his Step 1 grievance.  This objection restates Plaintiff's original arguments before the Magistrate Judge, and the Court concludes that the R & R adequately responds to this objection.  *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).  Accordingly, Plaintiff's objection is overruled.

### IV.     Michael Tindal's Affidavit

Plaintiff next contends that Michael Tindal's affidavit is inadmissible hearsay because he was not the employee who closed the grievance administratively.  The Court disagrees.  Mr. Tindal works for SCDC as an inmate grievance administrator.  Although Mr. Tindal may not have been the employee who actually closed Plaintiff's grievance, the statements in his affidavit reflect his personal knowledge of Plaintiff's grievance history.  Beyond the generic allegation that Mr. Tindal's affidavit is hearsay, Plaintiff does not provide any additional reasons to doubt the veracity of Mr. Tindal's affidavit.  Having reviewed the affidavit, the Court is satisfied that the statements contained therein are admissible.  Accordingly, Plaintiff's objection is overruled.

### V.     Footnote Four of the R & R

Plaintiff also objects to Magistrate Judge Marchant's finding that Plaintiff's grievance was returned to him on May 20, 2013, instead of on August 8, 2013.  Plaintiff contends that the date the grievance was returned constitutes a disputed material fact and summary judgment is therefore inappropriate.  The Court disagrees.  For purposes of this opinion, as long as Plaintiff's grievance was returned, it ultimately does not matter whether the grievance was returned on May 20, 2013, or August 8, 2013.  Either way, Plaintiff failed to file a Step 2 appeal, thereby failing to exhaust his administrative remedies.  Accordingly, Plaintiff's objection is overruled.

### VI.     Dismissal of State-Law Claims

Finally, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his state-law claims as a result of the dismissal of his federal claims.  Again, the Court concludes that the Magistrate Judge's analysis is correct.  Plaintiff's federal claim is before this Court pursuant to the Court's federal-question jurisdiction over actions arising under 42 U.S.C. § 1983, and Plaintiff's state-law claims are before this Court pursuant to its supplemental jurisdiction over

state-law claims that form part of the same case or controversy. Where all federal question claims have been dismissed, this Court may decline to exercise supplemental jurisdiction over any related state-law claims. 28 U.S.C. § 1367. The Court finds it appropriate to do so here. Accordingly, Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED**, that the R & R is **ADOPTED**, and therefore that Defendants' Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**October 27, 2016**
**Charleston, South Carolina**